# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Crim. ID No: 2204004213 |
| | ) | |
| GERALD ROBERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: April 18, 2024
Decided: May 14, 2024

*Upon Consideration of the Commissioner's Report and Recommendation that Defendant's Rule 61 Motion for Postconviction Relief and Motion For Modification of Sentence Should be Denied and Defendant's Motion for Discovery Should be Denied,*

**ADOPTED**.

Brianna Mills, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State*.

Gerald Roberson, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se*.

**MEDINILLA, J.**

**AND NOW TO WIT**, this 14th day of May 2024, upon consideration of Defendant Gerald Roberson's (Defendant's) Motions for Postconviction Relief, Modification and Discovery,[1] the State's Response, the Commissioner's Report and Recommendation, all relevant pleadings, and the record in this case, it appears to the Court that:

1.      Defendant was arrested on April 8, 2022, for Carrying a Concealed Deadly Weapon (CCDW), Assault Third Degree, Breach of Release, Resisting Arrest, two counts of Offensive Touching of Law Enforcement Officer, and two counts of Endangering the Welfare of a Child.[2]

2.      On March 27, 2023, Defendant entered into a plea agreement with the State for CCDW and Assault Third Degree.[3]  The Court immediately sentenced Defendant to the mutually agreed upon recommendation of three years at Level V, suspended after 9 months, followed by 18 months of Level III GPS.[4]

3.      Defendant did not file a direct appeal.

---

[1] Because both motions asserted similar claims for ineffective assistance of counsel, the Court considered them under Superior Court Criminal Rule 61 only.

[2] *See* State's Response to Defendant's Motion for Postconviction Relief, D.I. 16.

[3] D.I. 6.

[4] D.I. 7.

4. On September 14, 2023, Defendant filed both a *pro se* "Motion for Modification,"[5] and a motion for Postconviction Relief under Superior Court Criminal Rule 61.[6] Alleging similar grounds for relief, both were referred to a commissioner,[7] for proposed findings of fact and conclusions of law pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62(a)(5).[8]

5. The Commissioner ordered a briefing schedule and requested responses from the State and trial counsel.[9] Trial Counsel submitted his Affidavit and averred 1) no good faith basis existed to request suppression, 2) he made no additional promises other than what was contained in the plea form, 3) he listened to his client

---

[5] *See* Defendant's Motion for Modification, D.I. 8 at 1-2 (The grounds for modification seek to "nullify" the CCDW conviction because his Trial Counsel "did not listen to his innocence" and "had him plea being impaired." He further questioned the probable cause for his arrest and argues that the State did not validly enter into the plea agreement knowing that there was "a mistaken belief about its terms.").

[6] *See* Defendant's Motion for Postconviction Relief, D.I. 9. at 2-3 (The grounds for postconviction relief include: 1) "not suppressing favorable evidence like bodycam of the officers, picture of the knife that was found, or the warrant for [his] arrest;" 2) "unfulfilled plea agreement" as to what amount of time he would serve; 3) a claim of "search and seizure" where the officer "appli[ed] pressure to [him]" when searching and finding "his] knife"; and 4) a claim that his right to a speedy trial right was violated.).

[7] D.I. 11.

[8] *See* 10 *Del. C.* § 512(b)(1)(b); DEL. SUPER. CT. CRIM. R. 62(a)(5) (Under Delaware Superior Court Rule 62(a)(5), the Court may refer to a Superior Court Commissioner case-dispositive motions, including postconviction relief motions, and the Commissioner must submit "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter.").

[9] D.I. 12.

regarding claims of innocence before Defendant decided to accept the plea, and 4) no indication of impairment was ever present.[10]

6.     The State's opposition maintained that Defendant failed to establish any reason why any alleged errors by counsel undermined his decision to plead guilty, that he waived any alleged errors or defects occurring prior to the entry of the plea, and that there was no misunderstanding regarding the terms of the plea agreement as fully articulated in the plea colloquy.[11]

7.     On April 18, 2024, the Commissioner issued a Report, recommending that this Court deny Defendant's motions for postconviction relief, modification, and discovery.[12]  She found that any contention that Defendant was mistaken as to the terms of the agreement was belied by the record.[13]  The record did not support claims of impairment.[14]  She concluded Defendant entered the plea knowingly, intelligently and voluntarily, including waiving his rights to challenge any defects occurring prior to the entry of his plea.[15]

---

[10] *See* D.I. 14 at 1-2.

[11]  *See* D.I. 16 at 3-6.

[12] *See* Commissioner's Report and Recommendations and Order, *State of Delaware v. Gerald Roberson,* D.I. 19 (Del. Super. Ct. April 18, 2024).

[13] *Id.* at 12.

[14] *Id.* at 14.

[15] *Id.* at 4-5.

8. As to his ineffective assistance of counsel (IAC) claim, she determined that Defendant failed to make any concrete allegation of deficient conduct, let alone one that demonstrated prejudice under *Strickland*.[16] His request for "modification" suffered the same fate,[17] as did his request for additional discovery.[18]

9. After the Commissioner issues a report, "any party may serve and file written objections" to the report within ten days.[19] A party failing to comply with this ten-day limit for appeal may foreclose that party's ability to object to the Commissioner's report.[20] Defendant did not appeal the Commissioner's Report. Accordingly, the Court "may accept, reject or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner."[21]

10. This Court **ADOPTS** *in toto* the findings of fact and recommendations in the Commissioner's Report. Defendant's Motions are **DENIED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc: Prothonotary

---

[16] *Id.* at 8-10.

[17] *Id.* at 5-6.

[18] *Id.* at 15.

[19] DEL. SUPER. CT. CRIM. R. 62(a)(5)(ii).

[20] *Id.* 62(b).

[21] *Id.* 62(a)(5)(ii).